UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LAMONT MILLER,

        Plaintiff,

                                    CASE No. 1:20-CV-108

v.

                                    HON. ROBERT J. JONKER

JOHN DAVIDS, et al.,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORTS AND RECOMMENDATIONS

On February 6, 2020, Plaintiff filed this prisoner civil rights lawsuit against twenty-two individual defendants for complained of events occurring over a span of thirty years. Two dispositive summary judgment motions have been filed and are currently pending. The first motion, ECF No. 16, was brought on August 20, 2020 by Defendant Tracy Schafer based on the asserted failure of Plaintiff to exhaust his claims against that defendant. The second motion, ECF No. 21, was brought by the remaining defendants, and seeks dismissal of the claims raised against them based on various asserted reasons. The matter is before the Court on two Reports and Recommendations from the Magistrate Judge, one for each of the respective dispositive motions. (ECF Nos. 50, 52).[1] The Magistrate Judge recommends the Court grant most, but not all, of the relief Defendants seek. Plaintiff has filed Objections to both R&Rs. (ECF Nos. 53, 57). Defendant Schafer has also filed a response to Plaintiff's Objections. (ECF No. 60).

---

[1] The first Report and Recommendation also covers the two pending non-dispositive motions related to a briefing dispute on Defendant Schafer's motion for summary judgment. (ECF Nos. 26, 38).

The Court has reviewed all matters of record, including Magistrate Green's Report and Recommendation in this matter (ECF Nos. 50, 52) and Plaintiff's Objections. (ECF Nos. 53, 57). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Reports and Recommendations themselves; and Plaintiff's Objection. After its review, the Court finds that Magistrate Judge Green's Reports and Recommendations are factually sound and legally correct.

### FIRST REPORT AND RECOMMENDATION (ECF No. 50).

In the first Report and Recommendation, the Magistrate Judge recommends the Court grant Plaintiff leave to file a sur-reply brief and deny Defendant Schafer's corresponding motion to strike. In the end, however, the Magistrate Judge recommends the Court largely grant Defendant Schafer's underlying dispositive motion because most of the claims Plaintiff raises against this defendant have been unexhausted. The Magistrate Judge concludes that only those

claims premised on the allegation that on September 16, 2019, Defendant Schafer denied Plaintiff's request for mental health were, read under Rule 56's lens, properly exhausted.

In this, the Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation in any persuasive way. The objections primarily amplify arguments Plaintiff has already made and the Magistrate Judge has already addressed properly. Nothing in Plaintiff's objections changes the core analysis in this case. For the very reasons the Report and Recommendation details, Defendant Schafer is entitled to summary judgment for lack of exhaustion as to all claims except those related to the September 16, 2019 alleged events.

**SECOND REPORT AND RECOMMENDATION (ECF No. 52)**

In the second Report and Recommendation, the Magistrate Judge also recommends the Court largely grant the Defendants' requested relief.  As with the earlier Report and Recommendation, the Magistrate Judge thoughtfully considered the record and the parties' arguments along with the governing law.  After performing a de novo review, the Court is amply satisfied that the result recommended by the Magistrate Judge is the correct one.  Nothing in Plaintiff's arguments persuade the Court otherwise.

By adopting the Magistrate Judge's Report and Recommendation, the Court is dismissing with prejudice all claims alleging events at AMF; all claims in Counts V, XIII, and XIV; and all claims alleging events at ICF before February 3, 2017.  In addition, all other claims involving the moving defendants are dismissed for lack of specificity under Rule 8, but with leave for plaintiff to file an Amended Complaint that ties allegations to specific events at IFC to specific dates after

February 3, 2017.  Plaintiff's Amended Complaint is due not later than April 2, 2021.  If there is not a timely Amended Complaint filed, all such claims will be dismissed with prejudice.[2]

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Reports and Recommendations of the Magistrate Judge (ECF Nos. 50, 52) are approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Schafer's Motion to Strike (ECF No. 26) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply Brief (ECF No. 38) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Schafer's Motion for Summary Judgment (ECF No. 16) is **GRANTED** to the extent detailed by the Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 21) is **GRANTED** to the extent detailed by the Magistrate Judge.

**IT IS FURTHER ORDERED** that no later than April 2, 2021, Plaintiff may file an Amended Complaint that ties allegations to specific events at IFC to specific dates after February 3, 2017.  If there is not a timely Amended Complaint filed, all such claims will be dismissed with prejudice, leaving only the claim against Defendant Schafer out of the alleged denial of services on September 16, 2019, remaining in the case.

Dated:   March 4, 2021            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This would leave pending only the single claim against Defendant Schafer arising out of the alleged denial of services on September 16, 2019, as summarized in the Magistrate Judge's Report and Recommendation addressing that defendant's exhaustion motion.  *See* ECF No. 50.